IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMMAD AFZAL | * | |
| | * | |
| v. | * | |
| | * | Civil No. WMN-11-395 |
| MALIK A. ASLAM | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  ECF No. 4.  The motion is fully briefed.[1]  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

This case arises out of Plaintiff's sale of a house located at 2130 O Street in Washington, D.C.  The closing of the sale was conducted on August 7, 2006, by Park Street Title, Inc. (Park Street).  Plaintiff was paid a sum of $216,018.27 at

---

[1] Also pending is Plaintiff's "Motion for Leave to File Opposition One Day Delay Caused by CM/ECF Accessibility Problems (Due Date 04/07/2011)."  ECF No. 7.  Plaintiff's counsel represents that he was unable to file his opposition on April 7, 2011, the date on which he asserts it was due, due to technical problems.  Defendant responds that the opposition was actually due on April 4, 2011, and Plaintiff's counsel offers no explanation as to why he did not attempt to file his opposition until April 7, 2011.  While Defendant is correct that Plaintiff's opposition was four days, not one day, late, Defendant identifies no prejudice arising from the delay.  The Court will grant Plaintiff's motion and consider the Opposition.

settlement and alleges he was told that he would collect the balance due to him after 12 weeks.[2]  Compl. ¶ 6.  Plaintiff further alleges, however, that Defendant made fraudulent misrepresentations to Park Street which caused Park Street to issue payments to Defendant out of the sale proceeds in the amount of $100,000.00.  Plaintiff filed this action on February 13, 2011, to recover those funds.

Defendant moves for dismissal of the action, or for summary judgment, on two grounds.  First, Defendant contends that Plaintiff's claim is barred by the applicable statute of limitations.  Section 5-101 of the Courts and Judicial Proceedings article of the Maryland Code requires that claims such as Plaintiff's be brought within three years of the date on which they accrue.[3]  This action was brought more than four and a half years after the alleged fraud.  Second, Defendant contends that Plaintiff is barred from raising his claim under the doctrines of res judicata and collateral estoppel.  Defendant asserts that the questions of fact underlying Plaintiff's current claim were decided against Plaintiff in a civil action

---

[2] The Complaint does not specify the amount of this balance.  The Complaint states that the house sold for $1,125,000.  Compl. ¶ 6.  From elsewhere in the record, it appears that the amount Plaintiff claims he should have received from the settlement was $439,643.25.  See ECF No. 4-2 at 8.

[3] The District of Columbia also has a three year general statute of limitations.  D.C. Code § 12-301.

he brought against Park Street in the Superior Court for the District of Columbia.  Afzal v. Park Street Title, CA-357-07 (the Park Street Action) (D.C. Super. Ct.).

To avoid the statute of limitations bar, Plaintiff argues that his cause of action did not accrue until December 30, 2008, when he attended Defendant's deposition taken in the Park Street Action.  Defendant testified in his deposition that Plaintiff met him in Baltimore and gave him four checks for $25,000 each. Pl.'s Ex. 1 (Transcript of Def.'s 12/30/08 Dep.) at 21. Defendant testified further that he cashed those checks and returned $100,000 in cash to Plaintiff.  Id. at 22.  Defendant states that he did this as a favor for a friend and that he understood that Plaintiff was trying to hide the money from others.  Plaintiff asserts that it was at this deposition that he learned for the first time that Defendant had received checks from Park Street.  Thus, in his view, the instant action is timely because it was filed within three years of the deposition.

As to Defendant's res judicata/collateral estoppel argument, Plaintiff contends that the doctrines are inapplicable because Defendant was not a party, nor was he in privity to any party, in the Park Street Action.  He also asserts that "the issues of fact or law in this case [] are not identical to

3

issues which were actually decided in prior litigation." Opp'n at 3.

The Court finds that Defendant can prevail on both his statute of limitations and collateral estoppel arguments.

The Court turns first to the doctrine of collateral estoppel. Under 28 U.S.C. § 1738, this Court must give the same full faith and credit to the Superior Court's ruling in the Park Street Action as a District of Columbia court would give that ruling. Because Defendant is seeking to use the ruling from an action in which he was not a party against one who was a party in the previous action, Defendant is seeking to invoke a particular version of collateral estoppel known as "non-mutual defensive estoppel." This version of the doctrine "bars a party who has had a full and fair opportunity to litigate an issue in an earlier case and lost from relitigating that same issue in a later case against a different defendant." Hinton v. Rudasill, 624 F. Supp. 2d 48, 51 (D.D.C. 2009) (citing Allen v. McCurry, 449 U.S. 90, 94-95 (1980)). There is no question that non-mutual defensive collateral estoppel is permitted under District of Columbia law. Jackson v. District of Columbia, 412 A.2d 948, 952 (D.C. 1980); Brycon v. Gere, 268 F. Supp. 2d 46, 57 (D.D.C. 2003).

To claim the benefit of collateral estoppel in this context, a party must show that the issue of fact or law was, in

4

the prior action, (1) actually and fully litigated, (2) finally determined by the court, and (3) necessarily so determined. Defenders of Wildlife v. Andrus, 77 F.R.D. 448, 453 (D.D.C. 1978).  In the Park Street Action, as in the instant action, Plaintiff asserted that he only received a portion of the sale proceeds at the settlement.  He asserted that he was told at settlement that he could not get the entire net proceeds all at once because "the amount was too big."  Def.'s Ex. 1 (Park Street, transcription of Feb. 5, 2009, Oral Ruling, hereinafter, "O.R.").

Plaintiff's claim that he did not receive the full proceeds of the sale at settlement was tried before Judge Judith Macaluso in February 2009.  On February 5, 2009, Judge Macaluso gave a detailed oral statement of her findings of facts, id., which was followed by written judgment.  Def.'s Ex. 2.[4]  In reaching her decision that Park Street was entitled to judgment, Judge Macaluso specifically held that Plaintiff "received checks totaling his entire net proceeds due from the sale of 2130 O Street, Northwest, Washington, D.C., on August 7th of 2006." O.R. at 3.  Furthermore, she found that, at the settlement, Plaintiff rejected a proffered check for $439,643.25, the full

---

[4] Plaintiff appealed to the District of Columbia Court of Appeals which affirmed Judge Macaluso's judgment.  Def.'s Ex. 3. Plaintiff then filed a Petition for Certiorari to the Supreme Court of the United States, which was denied.  Def.'s Ex. 4.

amount of the proceeds, and instructed Park Street instead to make out 17 checks to various individuals, including four checks for $25,000 each to Defendant. Id. at 4. These findings were based upon Judge Macaluso's conclusion that Plaintiff was brazenly and obviously lying when he testified in the proceeding before her. Id. at 3.

This Court concludes that Plaintiff, represented by counsel, had a full and fair opportunity in the Park Street Action to litigate the issue of whether he had received all of the proceeds from the sale of the O Street house. It was undisputed in that action that a portion of those proceeds were distributed in checks made payable to Defendant. In order to resolve Plaintiff's claims against Park Street, Judge Macaluso made the necessary determination that those checks were made payable to Defendant at Plaintiff's request. Thus, Plaintiff is collaterally estopped from now arguing that the checks were made out to Defendant as the result of some fraud perpetrated by Defendant.

Plaintiff's attempt to avoid the statute of limitations is also foiled by the doctrine of collateral estoppel. If, as Judge Macaluso determined, Plaintiff instructed Park Street to make out four checks to Defendant and Plaintiff left the settlement with those checks, Plaintiff obviously knew at the time of the settlement that Defendant had received $100,000 of

the sale proceeds.  Accordingly, Plaintiff is estopped from claiming, then, that he learned for the first time at Defendant's deposition that Defendant had received those checks.

For these reasons, Defendant's motion will be granted.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: June 15, 2011.